IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Respondent.<br><br>    v.<br><br>DOMINIC DAVID WILSON,<br><br>        Appellant. | No. 85230-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Dominic Wilson appeals from the judgment and sentence entered upon his plea of guilty to one count of murder in the second degree while armed with a firearm—an offense he committed at age 16. He argues that the trial court, which sentenced Wilson to an adult standard-range sentence above what the parties jointly recommended, erred by not giving meaningful consideration to his youth at the time of his offense. The State acknowledges that "there is no indication in the record how the defendant's youthfulness impacted the court's [sentencing] decision." It thus concedes that the matter should be remanded for resentencing.

We accept the State's concession. *Cf. State v. Houston-Sconiers*, 188 Wn.2d 1, 21, 23, 391 P.3d 409 (2017) (court sentencing juvenile must consider mitigating circumstances related to the defendant's youth; it must also consider factors "like the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, . . . 'the way familial and peer pressures may have affected him [or her],' . . . [and] how youth impacted any legal defense, along with

any factors suggesting that the child might be successfully rehabilitated" (second alteration in original) (quoting *Miller v. Alabama*, 567 U.S. 460, 477-78, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012))). Accordingly, we reverse Wilson's sentence and remand to the trial court for resentencing. *Cf. In re Pers. Restraint of Carrasco*, 1 Wn.3d 224, 230, 525 P.3d 196 (2023) ("On direct appeal, the defendant needs only to establish the existence of [a] *Houston-Sconiers* error to be entitled to a new sentencing hearing.").

Reversed and remanded.


FOR THE COURT:


Dwyer, J.

Díaz, J.

Coburn, J.